UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| POLK CONSTRUCTION CORPORATION | CIVIL ACTION |
| VERSUS | NO. 12-2970 |
| COVASA CONSTRUCTION, L.L.C. | SECTION "N" (3) |

**ORDER AND REASONS**

Now before this Court is the motion for costs for failure to waive service pursuant to Rule 4 of the Federal Rules of Civil Procedure that was filed by Plaintiff Polk Construction Corporation ("Polk") (Rec. Doc. 13). Polk alleges that the defendant, Covasa Construction, LLC ("Covasa"), failed to return Polk's waiver of service forms, and as a result, Polk is now entitled to the expenses of effecting formal service, as well as reasonable attorney's fees associated with the preparation of the aforementioned motion. For the reasons stated below, **IT IS ORDERED** that Polk's motion is hereby **DENIED**.

**I. Background**

On December 14, 2012, Polk filed its complaint (Rec. Doc. 1) against Covasa. Polk alleges that, on the same day, it also sent a request for waiver of service to Covasa's registered agent for service, Valerion Covasa, at 2162 Shirley Avenue, Baton Rouge, Louisiana. Polk further alleges that its request letter was accompanied by a copy of the complaint, two copies of a request for waiver of service, and a pre-stamped envelope for return of the waiver form addressed to Polk. To date, according to Polk, Covasa has not returned the waiver form.

On May 7, 2013, having not received waiver from Covasa, Polk served Adina Covasa[1] at the Shirley Avenue address referenced above. *See* Rec. Doc. 13-3. Citing Rule 4(d)(2), Polk now seeks to recover the expenses incurred in effecting service on Covasa, which amounted to $600, and an additional $200 in attorney's fees associated with preparing the instant motion.

**II. Law and Analysis**

Regarding waiver of service, the Federal Rules of Civil Procedure provide:

> **(1) Requesting a waiver.** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> > (A) be in writing and be addressed:
> > > (i) to the individual defendant; or
> > > (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> >
> > (B) name the court where the complaint was filed;
> > (C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
> > (D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
> > (E) state the date when the request is sent;
> > (F) give the defendant a reasonable time of at least 30 days after the request was sent – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver; and
> > (G) be sent by first-class mail or other reliable means.

*See* FED. R. CIV. P. 4(d)(1). A defendant who fails, without good cause, to sign and return the

---

[1] In its opposition (Rec. Doc. 15), Covasa points out that Adina Covasa is not the company's agent for service, an officer of the company, or a member of Covasa Construction, LLC.

waiver will be liable for costs incurred in making service, and any other reasonable expenses, including attorney's fees, in preparing the motion to collect such costs. *See* FED. R. CIV. P. 4(d)(2). Good cause may exist where a defendant fails to receive the waiver request. *See* FED. R. CIV P. 4 (1993 Amendments) advisory committee notes.

In support of its motion, Polk has submitted a letter dated December 14, 2012, which is addressed to Valerion Covasa, requests waiver of service pursuant to Rule 4(d)(1), and states that it is accompanied by a copy of the amended complaint, two copies of the waiver of service, and a self-addressed, stamped envelope to return the waiver. *See* Rec. Doc. 13-2. Only the cover letter, however, was provided to the Court. *Id.*

In its opposition (Rec. Doc. 15), Covasa asserts that it never received a waiver request. Covasa also points out that Polk's letter referenced an "amended complaint," whereas an amended complaint has never been filed in this case. As such, Covasa contends a waiver request that (1) was not delivered to the defendant and (2) may have been accompanied by an extraneous complaint does not satisfy the requirements of Rule 4(d)(1).

In its reply memorandum (Rec. Doc. 18), Polk counters Covasa's assertions by claiming that FedEx delivered the waiver request on December 17, 2012. As evidence, Polk offers a printout of the FedEx shipping confirmation (from the FedEx website) reflecting that a package was delivered to "recipient address" in Baton Rouge, Louisiana, on Monday, December 17, 2012 at 9:41 a.m. *See* Rec. Doc. 18-1. Notably, however, the shipping confirmation does not display the delivery street address, the recipient's name, a return receipt, or a confirmation signature. Polk also claims that the reference to an "amended complaint" was merely a typographical error that does not preclude this Court from finding a valid waiver.

While Polk correctly argues that the rule does not explicitly require a request for signature or confirmation of delivery, the movant generally bears the burden of showing entitlement to costs and fees. *Flores v. Sch. Bd. of DeSoto Parish*, 116 F. App'x 504, 508 (5th Cir. 2004) (citing, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L. Ed.2d 40 (1983) (applying 42 U.S.C. § 1988)); *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) (applying Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920)). Similarly, the Eleventh Circuit has declined to impose the expense of service where it was unclear whether the defendant was actually served. *Owens v. Benton*, 190 F. App'x 762, 764 (11th Cir. 2006) (finding the return receipts for the service forms were partially illegible, which made it difficult to ascertain whether the correct parties had been served).

On the showing made, the Court finds that Polk has not demonstrated that it is entitled to recover expenses, including attorney's fees, in this case. Covasa represents to this Court that it never received the waiver request, and Polk does not offer sufficient evidence to the contrary. Furthermore, Polk's letter contains reference to an amended complaint that does not exist in this case. If the waiver request contained the wrong complaint, the waiver would not be valid under the rule. On the other hand, even if the reference was a mere typographical error, this Court cannot be sure, without more, that other such errors were not made when sending the request via FedEx that may have resulted in improper delivery.

## III. Conclusion

As stated herein, the Court finds that Polk, as movant, has not adequately demonstrated entitlement to the relief sought. Accordingly, Polk's motion is denied.

New Orleans, Louisiana, this 26th day of November 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**